UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Phillip Doby, | ) | |
|---|---|---|
| Petitioner, | ) | 10 C 2560 |
| vs. | ) | Judge Feinerman |
| Randy Davis, Warden, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Phillip Doby petitioned this Court under 28 U.S.C. § 2241 for a writ of habeas corpus. The Warden has moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1). The motion is granted.

Following a jury trial, Doby was convicted of first-degree murder and two counts of aggravated battery with a firearm. On October 14, 1993, he was sentenced to 35 years' imprisonment on the murder count, to be served consecutively with two concurrent terms of 15 years' imprisonment on the aggravated battery counts. Doby appealed; the Appellate Court of Illinois affirmed on June 2, 1995; and the Supreme Court of Illinois denied Doby's petition for leave to appeal ("PLA") on January 31, 1996. Doby did not petition the Supreme Court of the United States for certiorari.

On September 21, 2007, Doby filed in the Circuit Court of Cook County a petition for relief from judgment under 735 ILCS 5/2-1401, alleging that the imposition of consecutive sentences was unlawful because the sentencing court failed to articulate a rationale for imposing consecutive sentences. The state trial court denied the section 2-1401 petition on December 5,

1

2007, as untimely and for failure to state a claim for relief. The Appellate Court of Illinois affirmed on August 10, 2009, without saying whether it agreed with the trial court on the petition's timeliness, the petition's merits, or both. Doby did not file a PLA with the Supreme Court of Illinois.

Doby signed the instant federal habeas petition on April 20, 2010, which was received by the court on April 26, 2010, and filed on May 17, 2010. Like Doby's state court section 2-1401 petition, the federal habeas petition challenges the imposition on Doby of consecutive sentences. The Warden moves to dismiss on the ground that the petition is untimely.

Section 2244(d)(1) of Title 28 imposes a one-year limitations period for state prisoners to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). As a general rule, the limitations period commences on the date the petitioner's conviction becomes final on direct review. *Id*. § 2244(d)(1)(A). There are three exceptions to this general rule, *id*. § 2244(d)(1)(B)-(D), but Doby does not attempt to invoke any of them. Because Doby did not petition the Supreme Court of the United States for certiorari, his conviction became final when the deadline for filing a certiorari petition had passed. *See Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006); *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2000). Doby had 90 days to file a certiorari petition after his PLA was denied on January, 31, 1996, *see* Sup. Ct. R. 13.1, so his conviction became final on April 30, 1996. The one-year limitations period thus expired on April 30, 1997. *See Modrowski v. Mote*, 322 F.3d 965, 966 (7th Cir. 2003).

The limitations period is tolled during the pendency of a properly filed state postconviction petition or other state collateral attack on a conviction or sentence. 28 U.S.C. § 2244(d)(2). Doby invokes this tolling provision, contending that he was unable to file his federal

2

habeas petition earlier due to the requirement that he exhaust in state court his challenge to the imposition of consecutive sentences. Doby maintains that the limitations period did not commence until August 10, 2009, when the denial of his section 2-1401 petition became final.

The Court respectfully disagrees with Doby's submission. Even if Doby's section 2-1401 petition was "properly filed" on September 21, 2007 as the term is understood under 28 U.S.C. § 2244(d)(2), the statute of limitations already had expired on April 30, 1997, which means there was nothing left to toll. A fresh one-year limitations period does not commence when the state courts conclude review of a postconviction petition or other collateral proceeding filed after the original (and only) one-year limitations period has expired. *See DeJesus v. Acevedo*, 567 F.3d 941, 943-44 (7th Cir. 2009). Although Doby is correct that 28 U.S.C. § 2254(b)(1) required him to exhaust his sentencing claims in state court, it was incumbent upon him to file his state collateral proceeding prior to the expiration of the one-year limitations period, for only then could he benefit from the § 2244(d)(2) tolling provision. But Doby filed his state collateral proceeding several years after the one-year limitations period had expired, and thus too late to obtain any benefit from the § 2244(d)(2) tolling provision. *See DeJesus*, 567 F.3d at 943 ("A state proceeding that does not begin until the federal year has expired is irrelevant.").

Finally, although Doby does not expressly seek it, equitable tolling is unavailable here. The Supreme Court recently confirmed that a habeas petition is entitled to equitable tolling only upon a showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotations omitted). As the Seventh Circuit put the same

point, equitable tolling "is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (internal quotations omitted). The circumstances of this case—where Doby did not file his section 2-1401 petition until several years after his conviction became final on direct review, and then did not submit his federal habeas petition until several months after the state appellate court affirmed the denial of the section 2-1401 petition—do not warrant equitable tolling under the strict standards established by the Supreme Court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005); *Simms*, 595 F.3d at 781; *Janssen v. Pugh*, 2010 WL 3521962, at *1 (7th Cir. Sept. 9, 2010).

Accordingly, Doby's petition for a writ of habeas corpus is dismissed with prejudice. *See Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005).

November 2, 2010

_____
United States District Judge

4